Filed 11/1/24  P. v. Salomon CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G063135 |
| v. | (Super. Ct. No. 95WF1578) |
| ALAN DAVID SALOMON, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Jonathan S. Fish, Judge. Affirmed.

Rachel Varnell, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\* \* \*

A jury convicted defendant Alan David Salomon of one count of second degree murder (Pen. Code, § 187, subd. (a); count 1),[1] and one count of grand theft auto (§ 487.3; count 2). The jury also found true that defendant personally used a knife in the commission of count 1. (§ 12022, subd. (b).)

The court sentenced defendant to a prison term of 19 years to life. In June 2023, defendant filed a petition for resentencing under section 1172.6.

The trial court summarily denied the petition, and defendant timely filed a notice of appeal. Appointed counsel indicates she has found no arguable issues but suggests we exercise our discretion to independently review the record. Consistent with *Anders v. California* (1967) 386 U.S. 738, appointed counsel identified one issue to assist in our independent review: whether the court erred by denying defendant's petition for resentencing at the prima facie stage. Defendant was given the opportunity to file written argument on his own behalf, and he has not done so. Although defendant has not filed a supplemental brief, we exercise our discretion to conduct an independent review of the record and appointed counsel's brief. (*People v. Delgadillo* (2022) 14 Cal.5th 216, 231-232.)

We have examined the entire record and have not found an arguable issue on appeal. Accordingly, we affirm the postjudgment order.

FACTS

In June 2023, defendant filed a petition for resentencing and averred: "1. A complaint, information, or indictment was filed against me that allowed the prosecution to proceed under a theory of felony murder,

---

[1] All further statutory references are to the Penal Code.

murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine. [Citation.] [¶] 2. I was convicted of murder, attempted murder, or manslaughter following a trial or I accepted a plea offer in lieu of a trial at which I could have been convicted of murder or attempted murder. [Citation.] [¶] 3. I could not presently be convicted of murder or attempted murder because of changes made to [sections] 188 and 189, effective January 1, 2019."

The court appointed counsel for defendant and received additional briefing from the prosecution and defendant. Defendant argued he may have been convicted under a theory of imputed malice because the jury was instructed there was an accomplice to the crimes. He also argued the jury's finding that he personally used a deadly or dangerous weapon during the commission of count 1 did not render him ineligible for relief.

In a statement of decision, the court held defendant was ineligible for relief on count 1 because "the jury was instructed only on the law of murder with . . . voluntary manslaughter as a lesser included offense." The court emphasized the jury was not instructed on any felony-murder or aiding and abetting theories and "[a]ll instructions included the *mens rea* requisite in the current definition of murder."

DISCUSSION

Relief under section 1172.6 is restricted to those convicted of murder "under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime . . . ." (*Id.*, subd. (a)(1).) "A petitioner is ineligible for resentencing as a

3

matter of law if the record of conviction conclusively establishes, with no factfinding, weighing of evidence, or credibility determinations, that (1) the petitioner was the actual killer, or (2) the petitioner was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree, (3) the petitioner was a major participant in the underlying felony and acted with reckless indifference to human life, or (4) the petitioner acted with malice aforethought that was not imputed based solely on participation in a crime." (*People v. Lopez* (2022) 78 Cal.App.5th 1, 14.)

In determining whether the petitioner has made a prima facie case for relief under section 1172.6, the trial court may rely on the record of conviction. (*People v. Lewis* (2021) 11 Cal.5th 952, 970-971.) The record of conviction includes the court's own documents, including the trial evidence, the jury instructions, and closing arguments of counsel. (*People v. Lopez, supra,* 78 Cal.App.5th at p. 13.) As our Supreme Court explained, "The record of conviction will necessarily inform the trial court's prima facie inquiry . . . allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Lewis*, at p. 971.)

Here, the information charged defendant as the actual killer. Among other things, the information alleged defendant "did willfully and unlawfully and with malice aforethought murder [the victim]." It further alleged defendant "personally used a deadly dangerous weapon, to-wit: KNIFE" in the commission of the murder.

The jury was instructed under, inter alia, CALJIC Nos. 8.00 (homicide), 8.10 (murder), 8.11 (malice aforethought), 8.20 (deliberate and premeditated murder), 8.30 (unpremeditated murder of the second degree),

4

8.37 (manslaughter), 8.40 (voluntary manslaughter), 8.50 (murder and manslaughter distinguished), and 8.70 (duty of jury as to degree of murder). CALJIC No. 8.10 instructed the jury that murder requires the mental state of malice aforethought. The jury also was instructed with CALJIC No. 8.11, which defined malice aforethought as express malice and did not reference implied malice. CALJIC No. 8.30 instructed on second degree murder and incorporated the definition of express malice. We further note the court did not instruct on the felony-murder theory, the natural and probable consequences doctrine, accomplice liability as a major participant with reckless indifference to human life, or any other theory where malice was imputed based solely on defendant's participation in a crime. The record accordingly demonstrates defendant is ineligible for relief.

## DISPOSITION

The postjudgment order is affirmed.


SANCHEZ, J.

WE CONCUR:


O'LEARY, P. J.


GOETHALS, J.

5